**ORIGINAL**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN QUINONEZ-GARCIA, | ) |
| Petitioner, | ) Cr. No.  06-2655GT |
| | ) Cv. No.  07-1336GT |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

On July 24, 2007, Petitioner, Juan Quinonez-Garcia ("Mr. Quinonez"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Quinonez argues that his counsel was ineffective for a variety of reasons. The Court has fully considered this matter, including a review of Mr. Quinonez' brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Quinonez' Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

First, Mr. Quinonez pled guilty, pursuant to a written plea agreement, to three counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Quinonez explicitly waived his right to appeal and/or collaterally attack his conviction or sentence.

1   The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,*
2   United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997).
3   Since Mr. Quinonez expressly waived his statutory right to appeal or collaterally attack his
4   sentence in his plea agreement, Mr. Quinonez is now precluded from challenging that sentence
5   pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993)
6   (holding that a knowing and voluntary waiver of a statutory right is enforceable).

7   Moreover, even if Mr. Quinonez had not expressly waived his right to appeal or collaterally
8   attack his sentence, his petition would still fail. In essence, Mr. Quinonez argues that his counsel
9   was ineffective for a variety of reasons. In order to prevail on a claim of ineffective assistance of
10  counsel, a petitioner must show that counsel's performance was deficient and that this deficient
11  performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The
12  petitioner must show that but for counsel's errors he would not have pled guilty and would have
13  insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

14  Mr. Quinonez first argues that his guilty plea violates the Double Jeopardy clause. Mr.
15  Quinonez claims all three convictions stem from the same date. However, in the plea agreement
16  and the plea colloquy, Mr. Quinonez specifically pled guilty to entering on three separate dates.
17  Hence, his plea does not violate the Double Jeopardy Clause and his counsel was not ineffective
18  for advising him to plead guilty.

19  Next, Mr. Quinonez argues that he was entitled to a four level reduction under the fast track
20  program. Under the fast track program the court **may** grant up to a four level reduction for fast
21  track. It is up to the Government to request the reduction and the Court to determine the number
22  of levels to deduct. Again, Mr. Quinonez' counsel was not ineffective because Mr. Quinonez
23  received this district's standard two level reduction for fast track.

24  Third, Mr. Quinonez argues that his counsel was ineffective for not presenting or arguing any
25  motions on his behalf. Under the terms of the plea agreement, Mr. Quinonez' counsel could not
26  raise any motions.

27  Finally, Mr. Quinonez argues that he was coerced into pleading guilty and did not understand
28  the consequences to his pleading guilty. However, during the plea colloquy, Mr. Quinonez was

specifically asked if he understood the terms of the plea agreement and if he was pleading guilty knowingly and voluntarily. Mr. Quinonez stated in the affirmative. Hence, Mr. Quinonez can not now argue he was coerced and did not understand what he was doing. Accordingly,

**IT IS ORDERED** that Mr. Quinonez' Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

Oct. 9, 2007
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter          Petitioner